UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MR. LUCIOUS MULDROW,


                                        Plaintiff,

                                                                    DECISION AND ORDER

                                                                    10-CV-6584L

                        v.

C.O. FALLS, Correction Officer at Attica
Correctional Facility,


                                        Defendant.
_____


        Plaintiff, Lucious Muldrow, appearing *pro se*, commenced this action under 42 U.S.C.

§ 1983.  Plaintiff alleges that at the time of the events giving rise to this lawsuit in 2007, he was an

inmate confined at Attica Correctional Facility, and that defendant C.O. Falls, a Correction Officer,

violated plaintiff's constitutional rights in several ways.  At the time that he filed the complaint in

this action, plaintiff had apparently been released from custody, as he gave a street address in

Rochester, New York.[1]

        Defendant has filed a motion to dismiss the complaint for failure to prosecute, pursuant to

Rule 41(b) of the Federal Rules of Civil Procedure, and Local Rule 5.2(d) and (3).  In support of his

motion, defendant states that in March of this year, defendant's attorney sent plaintiff a certain

stipulation, to the mailing address listed on the complaint, which was returned by the Postal Service

as undeliverable.

_____

        [1]The New York Department of Corrections and Community Supervision inmate lookup
service, http://nysdoccslookup.doccs.ny.gov, provides two listings for plaintiff's name, each of
which indicates that the inmate has been released from custody.

After defendant's motion was filed, the Court issued a scheduling order, giving plaintiff time to respond to the motion.   Like defendant's proposed stipulation, that order was returned as undeliverable.

Under these circumstances, dismissal is clearly warranted here.   Rule 41(b) provides in part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."   In addition, the Local Rules for this district require *pro se* litigants to furnish the Court with a current address at all times.   Local Rule 5.2(d) expressly provides that " "[f]ailure to do so may result in dismissal of the case with prejudice."

While the Court typically warns a litigant before dismissing his claim for failure to prosecute, it would be pointless to attempt to do so here, since plaintiff apparently is no longer receiving mail at the most recent address that he provided to the Court.   Having considered the factors relevant to a motion to dismiss for failure to prosecute, *see United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004), I conclude that dismissal is called for in this case.

## CONCLUSION

Defendant's motion to dismiss the complaint for failure to prosecute (Dkt. #15) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        October 4, 2012.

- 2 -